No. 25-12041

# In the United States Court of Appeals for the Eleventh Circuit

GREGORY LIGHT,

Plaintiff/Appellant,

v.

LVNV FUNDING, LLC and
ANDREU, PALMA, LEVIN & SOLIS, PLLC

Defendants/Appellees.

**BRIEF OF APPELLEES LVNV FUNDING, LLC AND ANDREU, PALMA, LEVIN & SOLIS, PLLC**

**On Appeal from the May 12, 2025 Order from The United States District Court for the Southern District of Florida granting Appellees' Motion to Dismiss and Dismissing Case Without Prejudice**

**MESSER STRICKLER BURNETTE, LTD.**
Lauren Marshall Burnette, Esq.
FL Bar No. 120079
1400 Marsh Landing Parkway
Suite 109
Jacksonville, FL 32250
☎ (904) 901-6369
🖨 (904) 298-8350 (fax)
lburnette@messerstrickler.com
*Counsel for Defendants/Appellees*

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Appellees LVNV Funding, LLC and Andreu, Palma, Levin & Solis, PLLC respectfully disclose the following list of trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations have an interest in the outcome of this case or appeal, including subsidiaries, conglomerates, affiliates, parent corporations, any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party:

1. Andreu, Palma, Levin & Solis, PLLC (Appellee)

2. Anthony Gonzalez, Esq. (Counsel for Appellant)

3. Gregory Light, Esq. (Appellant)

4. Hon. Raaj Singhal (U.S. District Judge)

5. John M. Marees, Esq. (Counsel for Appellees)

6. Lauren Marshall Burnette, Esq. (Counsel for Appellees)

7. Light & Gonzalez, PLLC (Counsel for Appellant)

8. LVNV Funding, LLC (Appellee)

9. Messer Strickler Burnette, LTD. (Counsel for Appellees)

10. Sherman Originator, LLC (Corporate Affiliate of Appellee LVNV Funding, LLC)

## STATEMENT REGARDING ORAL ARGUMENT

Appellees do not believe this matter presents novel or complex issues and the relevant portions of the record are straightforward. As such, Appellees respectfully submit this matter can be decided on briefs without the need for oral argument.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE
DISCLOSURE STATEMENT ...................................................................... i

STATEMENT REGARDING ORAL ARGUMENT ............................................ ii

TABLE OF CONTENTS ........................................................................ iii

TABLE OF AUTHORITIES ......................................................................v

STATEMENT OF THE ISSUES PRESENTED FOR REVIEW ..........................1

STATEMENT OF THE CASE .................................................................1

SUMMARY OF THE ARGUMENT...........................................................3

ARGUMENT.......................................................................................3

I. The District Court correctly concluded Mr. Light lacks statutory standing to sue Appellees for alleged violations of the FDCPA. ........................................ 3

    A. Mr. Light was not "the object" of Appellees' alleged conduct. ............ 4

    B. Only "the object of a debt-collection activity" can be "injuriously exposed" to such activity. ...................................................... 6

    C. The FDCPA's extension of Sections d, e and f of the FDCPA to "any person" does not eliminate the requirement that the plaintiff be "the object of the alleged debt collection activity.......................................... 9

    D. Mr. Light is not within the "zone of interests" Congress sought to protect under the FDCPA because he was not the object of debt collection activity. ................................................................ 10

II. The District Court's determination that Mr. Light lacks Article III standing is well supported by the record. .......................................................12

A. Mr. Light cannot allege facts to plausibly show he sustained an injury in fact. ...................................................................................... 13

B. Mr. Light cannot satisfy Article III's "causation" requirement........... 16

III. The District Court correctly held that since Mr. Light lacked standing under the FDCPA, he likewise lacked standing under the FCCPA's analogous provisions. ................................................................... 16

CONCLUSION ............................................................................................17

CERTIFICATION OF COMPLIANCE WITH RULE 32(a)(7)..........................18

CERTFICATION OF SERVICE ...................................................................19

# TABLE OF AUTHORITIES

**Cases**                                                                         **Page(s)**

*31 Foster Children v. Bush*,
329 F.3d 1255 (11th Cir. 2003)................................................................14

*Bachiri v. Medicredit, Inc.*,
2025 U.S. App. LEXIS 25645 (11th Cir. Oct. 2, 2025)...........................13, 14

*Bank v. Pentagroup Financial LLC,*
2009 U.S. Dist. LEXIS 47985 (E.D.N.Y. June 9, 2009)...............................7

*Belin v. Littleton Loan Servicing, L.P.*,
2006 U.S. Dist. LEXIS 47953 (M.D. Fla. July 14, 2006).............................17

*Bennett v. Spear*,
520 U.S. 154 (1997)........................................................................16

*Bishop v. Ross Earle & Bonan, P.A.*,
817 F.3d 1268 (11th Cir. 2016)...........................................................11

*Blue Martini Kendall, LLC v. Miami Dade City*,
816 F.3d 1343 (11th Cir. 2016)...........................................................10

*Bullock v. Newtek Small Business Finance, Inc.*,
808 Fed. Appx. 698 (11th Cir. 2020) ...................................................10

*Cadet v. Florida Department of Corrections*,
853 F.3d 1216 (11th Cir. 2017)...........................................................11

*Common Cause/Ga. v. Billips*,
554 F.3d 1340 (3d Cir. 2009)..............................................................4

*Condon v. Global Credit & Collection Corp.*,

    2010 U.S. Dist. LEXIS 129343 (M.D. Fla. Dec. 6, 2010) ...............................17

*Estate of Burpo v. Specialized Loan Servicing, LLC*,

    2025 U.S. Dist. LEXIS 58810 (N.D. Ala. Mar. 28, 2025)..................................7

*Forgione v. Dennis Pirtle Agency*,

    93 F.3d 758 (11th Cir. 1996)..................................................................11

*Gerow v. Newsom*,

    2024 U.S. Dist. LEXIS 80077 (M.D. Fla. May 2, 2024) ..................................13

*Graden v. Conexant Systems, Inc.,*

    496 F.3d 291 (3d Cir. 2007)....................................................................4

*Helman v. Bank of America, N.A.*,

    685 Fed. Appx. 723 (11th Cir. 2017) .....................................................4, 5

*Jean v. Zavala Properties Management, LLC,*

    2025 U.S. Dist. LEXIS 92264 (M.D. Fla. May 13, 2025) ..................................9

*Kaplan v. Assetcare, Inc.*,

    88 F. Supp.2d 1355 (S.D. Fla. 2000)..........................................................8

*Kocsis v. Fla. State Univ. Board of Trustees,*

    788 Fed. Appx. 680 (11th Cir. 2019) .......................................................10

*Lors v. O&L Law Group, P.L.*,

    2025 U.S. Dist. LEXIS 144903 (M.D. Fla. July 29, 2025) ...............................9

*Manno v. Healthcare Revenue Recovery Group*,

    289 F.R.D. 674 (S.D. Fla. March 26, 2013) ..............................................3, 4

*Miljkovic v. Shafritz & Dinkin, P.A.,*

791 F.3d 1291 (11 Cir. 2015)................................................................7, 11

*Muransky v. Godiva Chocolatier, Inc.*,

979 F.3d 917 (11th Cir. 2020)................................................................13

*Nelson v. Experian Info. Sols., Inc.*,

144 F.4th 1350 (11th Cir. 2025)................................................................14

*Reddick v. Capouano, Beckman, Russell & Burnett*,

2021 U.S. App. LEXIS 32349 (11th Cir. Oct. 29, 2021)...................................8

*Revels v. Morgan & Associates, P.C.*,

764 F. Supp.3d 1181 (M.D. Fla. 2025)..........................................................9

*Sanders v. Global Radar Acquisition, LLC,*

2019 U.S. Dist. LEXIS 2457 (S.D. Fla. Jan. 7, 2019)........................................4

*Sclafani v. BC Servs., Inc.*,

2010 U.S. Dist. LEXIS 115330 (S.D. Fla. Oct. 18, 2010) ................................7

*Sibersky v. Borah, et al.*

155 Fed. App'x. 10 (2d Cir. 2005) ................................................................7

*Sierra v. City of Hallandale Beach*,

996 F.3d 1110 (11th Cir. 2021)................................................................13

*Spokeo, Inc. v. Robins*,

578 U.S. 330 (2016)................................................................13

*Tillman v Ally Financial, Inc.*,

2017 U.S. Dist. LEXIS 71919 (M.D. Fla. May 11, 2017) ................................4

*Toste v. Beach Club at Fontainbleu Condo Ass'n., LLC*,

2025 U.S. Dist. LEXIS 146608 (S.D. Fla. March 12, 2025)..............................4

*TransUnion LLC v. Ramirez*,

594 U.S. 413 (2021)........................................................................................13

*Trump v. Hawai'i,*

138 S. Ct. 2392 (2018)...................................................................................16

*Tsao v. Captiva MVP Rest. Partners, LLC,*

986 F.3d 1332 (11th Cir. 2021).......................................................................14

*Wilding v. DNC Servs. Co.*,

941 F.3d 1116 (11th Cir. 2019).......................................................................16

*Zeldman v. Pershing LLC*,

2010 U.S. Dist. LEXIS 153705 (S.D. Fla. Aug. 20, 2010) ........................13, 14

## Statutes

15 U.S.C. § 1692 .......................................................................................4, 10

## Other

Merriam-Webster's Dictionary (2024) ................................................................4

## STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

1.      Did the District Court commit reversible error by concluding Mr. Light lacks statutory standing, where Mr. Light was not "the object" of Appellees' alleged debt collection efforts?

*Suggested Answer: No.*

2.      Did the District Court commit reversible error by concluding Mr. Light lacks Article III standing, where Mr. Light's alleged injuries were not particularized or causally related to Appellees' alleged debt collection efforts?

*Suggested Answer: No.*

3.      Did the District Court commit reversible error by holding that since Mr. Light lacked standing under the FDCPA, he similarly lacked standing under the FCCPA?

*Suggested Answer: No.*

## STATEMENT OF THE CASE

Mr. Light is an attorney. Appx. p. 85 of 235, ¶ 18.[1] He represented Franklyn Rodriguez in a state court debt collection lawsuit filed by the Firm on behalf of its client, LVNV. *Id*. at p. 87, ¶¶ 40-43. The day before a scheduled pretrial conference, Mr. Light negotiated a settlement in principle of the claim against his client. *Id*. at p. 88, ¶¶ 49-50. He chose not to attend the scheduled conference, and the court entered

---

[1] References to the Appendix utilize the pagination assigned by the CM/ECF system.

a default against his client. *Id*. at p. 89, ¶ 51; p. 162. This set into motion a series of litigation activities Mr. Light did not anticipate, causing his work obligations to intrude into his personal time. *Id*. at p. 20, ¶¶ 60-62. Ultimately, the default judgment was set aside, and settlement of the debt collection lawsuit was fully consummated. *Id*. at p. 193.

Mr. Light alleges that between the entry of default against Mr. Rodriguez and the eventual dismissal of the debt collection lawsuit, LVNV and the Firm violated the Fair Debt Collection Practices Act and the Florida Consumer Collection Practices Act in several ways. Mr. Light filed suit, but not on behalf of his client. Rather, he sought relief for himself, in his individual capacity, complaining that the Appellees' alleged FDCPA and FCCPA violations caused *him* harm, and he sought to recover damages and attorneys' fees. *Id*. at p. 81, First Amended Complaint.

LVNV and the Firm moved to dismiss Mr. Light's First Amended Complaint, arguing that Mr. Light lacked statutory standing to sue. *Id*. at p. 192. On May 12, 2025, the District Court granted Appellees' Motion and dismissed Mr. Light's claims without prejudice. The Court noted that the Appellees' alleged debt collection conduct was directed *to Mr. Rodriguez*, not to Mr. Light. *Id*. at p. 228-229. Since Mr. Light was not the object of Appellees' alleged collection efforts, he could not plead facts sufficient to show he was "injuriously exposed" to the Appellees' conduct. This rendered him unable to plead a viable cause of action, as he thus lacked statutory

2

standing to sue. The District Court further noted that Mr. Light's alleged "injuries" were not of the type and nature sufficient to show Mr. Light had standing under Article III of the United States Constitution. *Id*. at p. 230. And finally, the District Court held that since Mr. Light lacked standing under the FDCPA he likewise had no standing to proceed under the FCCPA. *Id*. This appeal followed.

## SUMMARY OF THE ARGUMENT

Mr. Light fails to articulate a basis for this Court to reverse the District Court's Order. Mr. Light was never "the object" of Appellees' alleged debt collection conduct. As a result, he had no injurious exposure to such alleged conduct sufficient to give him statutory standing to seek relief under the FDCPA. For similar reasons, he lacks Article III standing, as his alleged "injuries" are neither particularized nor causally related to Appellees' alleged conduct. Finally, Mr. Light lacks standing under the FCCPA for the same reasons he lacks standing under the FDCPA. Accordingly, this Court should affirm.

## ARGUMENT

### I. THE DISTRICT COURT CORRECTLY CONCLUDED MR. LIGHT LACKS STATUTORY STANDING TO SUE APPELLEES FOR ALLEGED VIOLATIONS OF THE FDCPA.

"Statutory standing is simply statutory interpretation: the question it asks is whether Congress has accorded *this* injured plaintiff the right to sue the defendant to redress his injury." *Manno v. Healthcare Revenue Recovery Group*, 289 F.R.D. 674,

682 (S.D. Fla. March 26, 2013) (quoting *Graden v. Conexant Systems, Inc.*, 496 F.3d 291, 295 (3d Cir. 2007)). Put another way, a plaintiff who has statutory standing has stated a cognizable cause of action. In the Eleventh Circuit, "[T]his threshold requirement 'must be addressed prior to and independent of the merits of a party's claims.'" *Sanders v. Global Radar Acquisition, LLC*, 2019 U.S. Dist. LEXIS 2457 *7 (S.D. Fla. Jan. 7, 2019) (quoting *Common Cause/Ga. v. Billups*, 554 F.3d 1340, 1349 (3d Cir. 2009)). Statutory standing is required in addition to, not instead of, Article III standing. *Tillman v. Ally Financial, Inc.*, 2017 U.S. Dist. LEXIS 71919 *11 (M.D. Fla. May 11, 2017) ("Even a plaintiff who has statutory standing (i.e., has stated a cause of action) must have constitutional standing to bring the claim.").

"The elements of an FDCPA claim are: (1) the plaintiff has been the object of a debt-collection activity arising from a consumer debt; (2) the defendant is a debt collector under 15 U.S.C. § 1692a(6); and (3) the defendant has violated, through acts or omissions, some part of the FDCPA." *Toste v. Beach Club at Fontainbleu Condo. Ass'n., LLC*, 2025 U.S. Dist. LEXIS 146608 *7-8 (S.D. Fla. March 12, 2025); *Helman v. Bank of America, N.A.*, 685 Fed. Appx. 723, 726 (11th Cir. 2017).

### A. Mr. Light was not "the object" of Appellees' alleged conduct.

Merriam-Webster defines "the object" of activity as something "toward which thought, feeling, or action is directed." Merriam-Webster's Dictionary, 2024. To proceed under the FDCPA, the plaintiff must be "the object" of the conduct at issue,

4

meaning the plaintiff must be the person to whom such activity is directed. *Helman*, 685 F. Appx. at 726. Mr. Light does not allege he was "the object" of Appellees' alleged debt collection conduct—on the contrary, he acknowledges his client, Mr. Rodriguez, was the subject of Appellees' alleged debt collection efforts. Brief of Appellant, p. 18 ("Following the scheduled pre-trial conference, the court presiding over the Debt Collection Lawsuit entered its Order of Default **against Mr. Rodriguez** for failure to appear at the hearing"); 19 ("[O]n September 6, 2023 LVNV and Defendant Firm moved to have a final default judgment entered **against Mr. Rodriguez**…"); 22 ("…he now believed that LVNV and Defendant Firm had intentionally induced his action in the Debt Collection Lawsuit to gain leverage in their attempts to collect monies **from Mr. Rodriguez**," "Defendant Firm and LVNV took actions and made representations in furtherance of their attempts to collect debts **from Mr. Rodriguez**…"); 23 (citing Appellees' alleged attempts to collect debts "from Mr. Rodriguez" as the cause of Mr. Light's damages). This alone supports affirming the District Court's dismissal, because Mr. Light did not and cannot allege facts showing he was "the object" of Appellees' purportedly violative conduct.

**B. Only "the object of a debt-collection activity" can be "injuriously exposed" by such activity.**

To side-step the fact that it was Mr. Rodriguez who was "the object" of Appellees' conduct, Mr. Light instead focuses on the distinction between consumers and non-consumers. He dives deeply into the history of debt collection, the promulgation of the FDCPA, and the statute's intention to protect debtors and non-debtors alike. *See generally* Brief of Appellee, p. 29-38. He argues the District Court erred by imposing a new pleading standard—the "injurious exposure" requirement—on non-consumers seeking relief under the FDCPA. Brief of Appellant, p. 50. He encourages the Court to combine the FDCPA's "broadly remedial" application with courts' direction to construe the FDCPA as liberally as possible in consumers' favor, *id*. at p. 38-39, to conclude that the District Court incorrectly required him to plead such exposure to Appellees' alleged violations of the statute.

"Injurious exposure" is not new; it is simply another way of requiring that a plaintiff seeking relief under the FDCPA sufficiently allege they were "the object" of the allegedly illegal debt collection conduct. One who is not "the object" of such debt collection conduct is not "injuriously exposed" to such conduct. This is directly in line with the FDCPA's statutory language, which states the statute's purpose is to "protect consumers ***against debt collection abuses***"—not against debt collectors

without further qualification. 15 U.S.C. § 1692(e). (Emphasis added). By employing this terminology, the District Court was merely emphasizing that Mr. Light, as the plaintiff, also had to be "the object" of the conduct at issue. The cases referenced in the District Court's opinion—which Mr. Light relies on himself—merely emphasize and enforce this requirement. *Miljkovic v. Shafritz & Dinkin, P.A.*, 791 F.3d 1291, 1301 (11th Cir. 2015) (cause of action filed *by consumer* arising from debt collector's litigation conduct directed to consumer through counsel); *Estate of Burpo v. Specialized Loan Servicing, LLC*, 2025 U.S. Dist. LEXIS 58810 (N.D. Ala. Mar. 28, 2025) (part-owner of property who received incorrect information about mortgage balance had viable cause of action under FDCPA); *Sibersky v. Borah, et. al.*, 155 Fed. App'x. 10, 11-12 (2d Cir. 2005) (Mr. Sibersky had no "injurious exposure" to letters at issue where only Mrs. Sibersky received and read them); *Bank v. Pentagroup Financial LLC*, 2009 U.S. Dist. LEXIS 47985, *5 (E.D.N.Y. June 9, 2009) (non-consumer recipient of "numerous calls to a single wrong number" alleged sufficient "injurious exposure" to allegedly violative conduct for claim to survive motion to dismiss); *Sclafani v. BC Servs., Inc.*, 2010 U.S. Dist. LEXIS 115330, *9-10 (S.D. Fla. Oct. 18, 2010) (explaining "injurious exposure" merely means "the offending conduct was directed at the plaintiff").

Moreover, the Eleventh Circuit has long required a plaintiff seeking relief under the FDCPA to have been "the object" of the debt collection conduct at issue—

this has been the standard for over 25 years. *See Kaplan v. Assetcare, Inc.*, 88 F. Supp.2d 1355, 1361 (S.D. Fla. 2000); *Helman*, 685 Fed. Appx. at 726; *Reddick v. Capouano, Beckman, Russell & Burnett*, 2021 U.S. App. LEXIS 32349 *19 (11th Cir. Oct. 29, 2021). Courts within the Eleventh Circuit may not have adopted the *phrase* "injurious exposure," but they adopted the *concept* long ago, utilizing different terms that lead to the same end.

Mr. Light was never "the object" of Appellees' alleged debt collection activity. The state court collection lawsuit was filed against Mr. Rodriguez. The Default Final Judgment was entered against Mr. Rodriguez. Mr. Light consistently characterizes Appellees' alleged conduct as directed to Mr. Rodriguez. Brief of Appellant, p. 22-23. He does not allege that either LVNV or the Firm attempted to collect a debt *from Mr. Light*. He does not allege he, himself, was the target of illegal debt collection activity—unlike in *Light v. Seterus*, where the District Court pointed out *Mr. Light* was receiving the unwanted debt collection contact, not his client or another third party. Appx. p. 229 of 235. The District Court's characterization of the facts in *this* case as failure by Mr. Light to show "injurious exposure" is just another way of saying that Mr. Light must be "the object" of debt collection activity to have cognizable causes of action under the FDCPA. Mr. Light cannot plead facts to satisfy this requirement. The District Court's determination was correct and should be affirmed.

**C. The FDCPA's extension of Sections 1692d, e and f to "any person" does not eliminate the requirement that the plaintiff be "the object" of the alleged debt collection activity.**

Mr. Light argues that where a provision of the FDCPA protects "any person," "the protection is universal." Brief of Appellant, p. 44. To him, this means anyone "harmed" by violation of one of those provisions "has statutory standing to bring a claim" under Sections 1692d, e and f of the FDCPA, regardless of whether that "person" was the object of such conduct or not. *Id*. Applying that analysis here, Mr. Light contends that "any person" who is allegedly injured by debt collection conduct that violates §§ 1692d, e or f has statutory standing to sue under those sections, without regard to whether they were "the object" of the collection conduct.

But again, the threshold question is not just whether the plaintiff is "any person;" it is whether the plaintiff is "any person" who "has been the object of debt-collection activity." *Lors v. O&L Law Group, P.L.*, 2025 U.S. Dist. LEXIS 144903 *11 (M.D. Fla. July 29, 2025); *Jean v. Zavala Properties Management, LLC*, 2025 U.S. Dist. LEXIS 92264 *4 (M.D. Fla. May 13, 2025); *Revels v. Morgan & Associates, P.C.*, 764 F. Supp.3d 1181, 1190 (M.D. Fla. 2025). Certainly, non-consumers are protected by, and have statutory standing to invoke, certain sections of the FDCPA—but only if they have been "the objects" of the alleged collection activity. Certainly, attorneys fall into the category of "any person," but without being

"the object" of the conduct, no statutory standing exists, *whether the plaintiff is a debtor or not.*

Because Mr. Light must be "the object" of debt collection activity to even open the door to the FDCPA, and because he readily acknowledges he was not, the District Court's Order should be affirmed.

> ### D. Mr. Light is not within the "zone of interests" Congress sought to protect under the FDCPA because he was not the object of debt collection activity.

For the first time in this case, Mr. Light argues he has standing under the FDCPA because he, as "any person," is within the "zone of interests" Congress enacted the statute to protect. Brief of Appellant, p. 40.  By not raising this argument in District Court, Mr. Light waived it on appeal. *Bullock v. Newtek Small Business Finance, Inc.*, 808 Fed. Appx. 698, 702 (11th Cir. 2020) (arguments not raised in district court are waived on appeal); *Kocsis v. Fla. State Univ. Board of Trustees*, 788 Fed. Appx. 680, 688 (11th Cir. 2019) (same); *Blue Martini Kendall, LLC v. Miami Dade City*, 816 F.3d 1343, 1349 (11th Cir. 2016) (same).

This argument fails regardless. Mr. Light is correct that the zone of interests Congress sought to protect when it enacted Sections 1692d, e and f of the FDCPA extends to "any person"—but only those people who are the subjects of the alleged debt collection activity, whether that "person" is the debtor or not. The salient

10

question is not whether the FDCPA protects non-consumers; in some circumstances, it does. Rather, the question is whether the FDCPA's protection extends to people who are *not* "the objects" of debt collection activity, and courts have uniformly held it does not. In holding Mr. Light lacks statutory standing, the District Court did not improperly differentiate consumers from non-consumers; it correctly differentiated "the object" of Appellees' alleged conduct from those who were not. Mr. Light was not the object of Appellees' alleged conduct; his client was. The District Court correctly premised its dismissal order on this first essential element of *any* cause of action under the FDCPA, whether brought by a debtor or otherwise.

Finally, Mr. Light's argument that he was "standing in the shoes" of his client is not beneficial to Mr. Light's cause. Mr. Light is correct that the attorney-client relationship is an agency relationship. *Forgione v. Dennis Pirtle Agency*, 93 F.3d 758, 761 (11th Cir. 1996) ("An attorney-client relationship is unique among agency relationships."); *Cadet v. Florida Department of Corrections*, 853 F.3d 1216, 1229 (11th Cir. 2017) (discussing the attorney-client agency relationship and its boundaries). But in this relationship Mr. Light is the agent, not the principal. Thus, while communications to a consumer's counsel may be actionable under the FDCPA, they are actionable *by the consumer*, not by counsel. *See Miljkovic, supra*; *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1277 (11th Cir. 2016) (false statements

made to a consumer's counsel are treated as though they were made to the consumers themselves).

Mr. Light cannot plead facts sufficient to satisfy the first element of any cause of action under the FDCPA—that he was "the object of a debt-collection activity." *Toste, supra.* For this reason, he lacks statutory standing, and the District Court appropriately dismissed his claims. This Court should affirm.

## II.   THE DISTRICT COURT'S DETERMINATION THAT MR. LIGHT LACKS ARTICLE III STANDING IS WELL SUPPORTED BY THE RECORD.

In its opinion, the District Court observed, "In the legal profession, a claim of stress and mental anguish by a lawyer on a side that didn't have the case go smoothly does not equate to Article III standing." Appx. p. 230 of 235. On appeal, Mr. Light argues this constitutes a determination that he lacked Article III standing as well as statutory standing. He argues this determination was erroneous because his claims are analogous to invasion of privacy, defamation, emotional distress, and tortious interference with contractual relations, and his injuries are "analogous to injuries that were historically compensable." Brief of Appellant, p. 59. But there is more than enough support in the record for this Court to affirm dismissal of Mr. Light's claims for lack of Article III standing.

"To establish Article III standing, the plaintiff must establish that he suffered an injury in fact, that is fairly traceable to the challenged conduct of the defendants, and that is likely to be redressed by a favorable judicial decision." *Bachiri v. Medicredit, Inc.*, 2025 U.S. App. LEXIS 25645, *4 (11th Cir. Oct. 2, 2025) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)). Intangible harms can satisfy the "injury in fact" requirement where the injuries have "a close relationship to harms traditionally recognized as providing a basis for lawsuits in American courts." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 417 (2021).

### A. Mr. Light cannot allege facts to plausibly show he sustained an injury in fact.

To show he sustained an injury in fact, Mr. Light needed to plead facts showing he incurred "an injury that is concrete, particularized and actual or imminent, rather than conjectural or hypothetical." *Bachiri* at *4 (quoting *Muransky v. Godiva Chocolatier, Inc.*, 979 F.3d 917, 925 (11th Cir. 2020)). An injury is "concrete" when it is real rather than abstract. *Gerow v. Newsom*, 2024 U.S. Dist. LEXIS 80077 *15 (M.D. Fla. May 2, 2024) (quoting *Spokeo, supra*). An injury is "particularized" when it "affects the plaintiff in a personal and individual way." *Sierra v. City of Hallandale Beach*, 996 F.3d 1110, 1113 (11th Cir. 2021). And finally, an injury is imminent when it is "likely to occur, and likely to do so immediately." *Zeldman v. Pershing LLC*, 2010 U.S. Dist. LEXIS 153705 *8 (S.D. Fla. Aug. 20,

2010) (quoting *31 Foster Children v. Bush*, 329 F.3d 1255, 1265 (11th Cir. 2003)). Mr. Light cannot satisfy this standard for two reasons.

First, Mr. Light cannot claim to have sustained a "particularized" injury because his alleged injuries are professional, not personal or individual. Mr. Light was acting as counsel and agent for Mr. Rodriguez, not as his individual self. The injuries Mr. Light details—interruption of his personal time, fear of reputational injury, and other similar alleged harms—were allegedly caused to him in his capacity as counsel and agent, not in his personal capacity. His First Amended Complaint does not include facts alleging Appellees ever took any action outside the context of the debt collection litigation or otherwise acted towards Mr. Light *personally*.

Second, and relatedly, Mr. Light's alleged injuries are self-imposed, and thus cannot satisfy the injury in fact requirement. Injuries caused to oneself are not sufficient to satisfy Article III. *Bachiri* at *5 (citing *Nelson v. Experian Info. Sols. Inc.*, 144 F.4th 1350, 1354 (11th Cir. 2025). Any other conclusion would run afoul of the U.S. Supreme Court's prohibition against manufacturing standing. *Clapper v. Amnesty International USA*, 568 U.S. 398, 422 (2013) (holding that "an enterprising plaintiff" cannot "secure a lower standard for Article III" by manufacturing a harm she chose to incur); *see also Tsao v. Captiva MVP Rest. Partners, LLC*, 986 F.3d 1332, 1345 (11th Cir. 2021) (a plaintiff "cannot conjure standing here by inflicting injuries on himself to avoid an insubstantial, non-immiment risk" of harm").

Litigation is a series of choices and consequences. Mr. Light chose not to attend the August 23, 2023 pretrial conference in light of the parties' settlement in principle. He argues the Firm volunteered to inform the court of settlement but acknowledges by omission that there was no dismissal notice or other order excusing the parties from appearing. Appx. p. 88 of 235, ¶ 50 ("…[the Firm] represented to Plaintiff GREGORY ANDREW LIGHT that they would inform the Court of the settlement at the pretrial conference on August 23, 2023."). By phrasing his claim in this way, Mr. Light suggests that the Firm's representative did *not* inform the court of settlement, causing the court to enter a default. But the record implies otherwise: the Disposition Order says, "A DEFAULT is hereby entered against the Defendant for failure to appear at the Small Claims Pretrial Conference. Rule 7.170(a). **FURTHER, the Plaintiff shall submit its proposed settlement** or judgment package (together with relevant affidavits) to the Court…" (Emphasis added). Appx. p. 162 of 235. This Order, together with Mr. Light's emails with the Firm, suggests the court *was* informed of a pending settlement, but default was entered because Mr. Rodriguez did not appear as the Rules require. *Id*. at p. 120 of 235. Regardless of what transpired at the pretrial conference, it is beyond challenge that the only *guaranteed* way to avoid the entry of default is *to appear as ordered*. Mr. Rodriguez did not appear. Everything occurring afterwards, including the alleged distress and inconvenience to his agent and counsel, was the product of this choice.

15

## B. Mr. Light cannot satisfy Article III's "causation" requirement.

"To satisfy Article III's causation requirement, the named plaintiffs must allege that their injuries are 'connect[ed] with the conduct of which [they] complain.'" *Wilding v. DNC Servs. Co.*, 941 F.3d 1116, 1125 (11th Cir. 2019) (quoting *Trump v. Hawai'i*, 138 S. Ct. 2392, 2416 (2018). "The critical question is whether the plaintiffs' injuries are fairly traceable to" the Appellees' debt collection conduct. *Wilding*, 941 F.3d at 1126. While traceability is a "relatively modest" burden, plaintiffs must still satisfy it to proceed in federal court. *Bennett v. Spear*, 520 U.S. 154, 171 (1997).

Mr. Light cannot meet this burden because his "injuries" are traceable to his litigation strategy, not to the Appellees' debt collection conduct. The facts underlying his alleged claims all occurred after the entry of default against Mr. Rodriguez. Again, the basis for the entry of default was Mr. Rodriguez's failure to appear at the pretrial conference. Any resulting aggravation to Mr. Light was caused by Mr. Rodriguez's non-appearance in court, not due to any act or omission by Appellees.

III. **THE DISTRICT COURT CORRECTLY HELD THAT SINCE MR. LIGHT LACKED STANDING UNDER THE FDCPA, HE LIKEWISE LACKED STANDING UNDER THE FCCPA'S ANALOGOUS PROVISIONS(a.**

When "a plaintiff lacks standing under the FDCPA, he also lacks standing to assert the same violation under the FCCPA." *Condon v. Global Credit & Collection*

*Corp.*, 2010 U.S. Dist. Lexis 129343, *18 (M.D. Fla. Dec. 6, 2010); *Belin v. Littleton Loan Servicing, L.P.*, 2006 U.S. Dist. LEXIS 47953, *20 (M.D. Fla. July 14, 2006) (holding that lack of standing under FDCPA equates to lack of standing under FCCPA counterparts). For the reasons articulated above, since the District Court appropriately concluded Mr. Light lacks statutory and constitutional standing to proceed under both the FDCPA and FCCPA, this Court should affirm its Order dismissing Mr. Light's claims without prejudice.

## CONCLUSION

For the foregoing reasons, this Honorable Court should affirm the United States District Court for the Southern District of Florida's Order granting Appellees' Motion to Dismiss Appellant Gregory Light's First Amended Complaint.

Respectfully submitted,

**MESSER STRICKLER BURNETTE, LTD.**

/s/ *Lauren M. Burnette*
Lauren Marshall Burnette, Esq.
FL Bar No. 120079
1400 Marsh Landing Parkway
Suite 109
Jacksonville, FL 32250
☎ (904) 901-6369
🖨 (904) 298-8350 (fax)
lburnette@messerstrickler.com
*Counsel for Defendants/Appellees*

# CERTIFICATION OF COMPLIANCE WITH RULE 32(a)(7)

I certify that this Brief of Appellants complies with the type-volume limitations of Fed. R. App. P. 32(a)(7).

/s/ *Lauren M. Burnette*
Lauren Marshall Burnette, Esq.
FL Bar No. 120079
1400 Marsh Landing Parkway
Suite 109
Jacksonville, FL 32250
☎ (904) 901-6369
🖨 (904) 298-8350 (fax)
lburnette@messerstrickler.com
*Counsel for Defendants/Appellees*

# CERTIFICATION OF SERVICE

I certify that on October 27, 2025, the foregoing Brief of Appellees was filed with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit by using the appellate CM/ECF system. I certify that all participants in this appeal are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ *Lauren M. Burnette*
Lauren Marshall Burnette, Esq.
FL Bar No. 120079
1400 Marsh Landing Parkway
Suite 109
Jacksonville, FL 32250
☎ (904) 901-6369
🖨 (904) 298-8350 (fax)
lburnette@messerstrickler.com
*Counsel for Defendants/Appellees*